NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
VERONICA DRAGALIN (Cal. Bar No. 281370)
Assistant United States Attorney
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0647
     Facsimile: (213) 894-0141
     E-mail:    veronica.dragalin@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>SCOTT SEO,<br>　aka "Seung Hye Seo,"<br>　aka "Scott Hoon Seo," and<br>WILBUR M. SALAO,<br>　aka "Will Salao,"<br><br>　　　　Defendants. | No. CR 18-625-JAK<br><br>STIPULATION AND JOINT REQUEST FOR A PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING PERSONAL IDENTIFYING INFORMATION AND CONFIDENTIAL INFORMATION<br><br>PROPOSED ORDER FILED SEPARATELY |

　　　Plaintiff, United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney VERONICA DRAGALIN, defendant SCOTT SEO, by and through his counsel of record, STANLEY FRIEDMAN, and defendant WILBUR SALAO (together with defendant SCOTT SEO, "defendants"), by and through his counsel of record, ANTHONY SOLIS (collectively the "parties"), for the reasons set forth below, hereby stipulate, agree, and request that the Court enter a protective order in this case restricting the use and dissemination

of (1) personal identifying information of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d)(1); and (2) information related to confidential informants and/or cooperating witnesses who may testify at the trial in this case, as set forth below.

1.   On September 21, 2018, the grand jury returned an indictment against defendants in <u>United States v. Scott Seo and Wilbur Salao</u>, CR 18-625-JAK.  Defendants are charged with violations of 18 U.S.C. § 371: Conspiracy; 18 U.S.C. § 1346: Honest Services Fraud; 18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 666(a)(2): Bribery Concerning Programs Receiving Federal Funds; 18 U.S.C. § 2: Aiding and Abetting and Causing an Act to be Done.  Defendants are released on bond pending trial.

2.   As part of its investigation in the above-captioned case, the government is in possession of documents related to the charges against defendants, and seeks to provide those documents to counsel for defendants (although some of the materials may exceed the scope of the government's discovery obligations).

3.   The government intends to produce to the "defense team" (defined below) materials related to personal identifying information of real persons, including, among other things, personal names, addresses, Social Security numbers, and bank account numbers. The purpose of the proposed protective order is to prevent the unauthorized dissemination, distribution, or use of materials containing the personal identifying information of others.  If this information is disclosed to defendants without limitation, it will risk the privacy and security of the information's legitimate owners.  The government has an ongoing obligation to protect these

victims and third parties. The government cannot simply produce to defendants an unredacted set of discovery containing this information.

4. Personal identifying information makes up a significant part of the discovery in this case and such information itself, in many instances, has evidentiary value. If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Central District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and defense counsel would not be able to adequately evaluate the case, advise defense counsel's client, or prepare for trial.

5. In addition, the government intends to produce to the "defense team" (defined below) materials related to confidential informants or cooperating witnesses who participated in the investigation of this case and who may testify at trial (collectively referred to as the "CI Protected Information"). The CI Protected Information could be used to identify the confidential informants or cooperating witnesses. The purpose of this proposed protective order is to prevent the unauthorized dissemination or distribution of this CI Protected Information, which dissemination the government believes may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and/or may expose him/her to potential safety risks.

6. The parties recognize that the materials containing personal identifying information and the CI Protected Information

that the government produces to the defense pursuant to the proposed protective order are solely for the use of defendants, defendants' attorneys, or other individuals or entities acting within the attorney-client relationship to prepare for the trial in this case.

7. Accordingly, the parties jointly request a protective order that will permit the government to produce (1) discovery that is unredacted, but preserves the privacy and security of victims and third parties while placing limitations on defendant's access to the discovery without the defense team present; and (2) discovery related to the confidential informants or cooperating witnesses, but preserves the security of the confidential informants or cooperating witnesses by placing limitations on the use of discovery and on defendant's access to the discovery without the defense team present.

8. The parties agree that the following conditions, if ordered by the Court in the proposed protective order (the "Protective Order"), (1) will serve the government's interest in maintaining the privacy and security of victims and third parties, while permitting the defense to understand the government's evidence against this defendant; and (2) will serve the government's interest in preserving the effectiveness and safety of confidential informants and/or cooperating witnesses, while permitting the defense to understand the government's evidence against defendant:

    a. For purposes of the Protective Order, the term "Personal Identifying Information" ("PII") includes any information that can be used to identify a person, including name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number. The term

"PII Protected Information" refers to materials containing PII that the government produces to the defense pursuant to the Protective Order.

      b. For purposes of the Protective Order, the term "confidential materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number. The term "CI Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order.

      c. For purposes of the Protective Order, the term "defense team" refers to (1) defendant's counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to defendant's counsel of record that they agree to be bound by the terms of the Protective Order. The term "defense team" does not include defendant, defendant's family members, or any other associates of defendant.

        d.    Defendant's counsel of record agrees to advise all members of the defense team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense team with access to any materials subject to the Protective Order.

        e.    The government is authorized to provide defendant's counsel of record with PII Protected Information and CI Protected Information marked with the following legend: "SUBJECT TO PROTECTIVE ORDER." If defendant objects to any such designation, defendant may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

        f.    Defendant may review Protected Information in this case only in the presence of a member of the defense team, and defendant's counsel of record shall ensure that defendant is never left alone with any discovery subject to the Protective Order. Defendant may see and review Protected Information in the presence of a member of the defense team, but defendant may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case at any time. Defendant must return any Protected Information to the defense team at the conclusion of any meeting at which defendant is permitted to view the Protected Information. Defendant may not take any Protected Information out of the room in which defendant is meeting with the defense team. Defendant may not write down or memorialize any PII or confidential material contained in the Protected Information. At the conclusion of any meeting with defendant, the member of the defense team present shall take with him or her all Protected Information. At no time, under no

circumstance, will any PII Protected Information be left in the possession, custody, or control of defendant, whether defendant is incarcerated or not.

        g.    The defense team shall not permit anyone other than the defense team to have possession of PII Protected Information or CI Protected Information, including defendant himself or herself.

        h.    The defense team shall access and use PII Protected Information and CI Protected Information for the sole purpose of preparing for trial or any related proceedings in this case.  The defense team may review PII Protected Information and CI Protected Information with a witness or potential witness in this case, including defendant.  Before being shown any portion of PII Protected Information or CI Protected Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No witness or potential witness may retain PII Protected Information or CI Protected Information, or any copy thereof, after his or her review of those materials with the defense team is complete.

        i.    The defense team shall maintain PII Protected Information and CI Protected Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than defense team members and defendant as restricted above to see PII Protected Information or CI Protected Information, (2) not divulging to anyone the contents of PII Protected Information or CI Protected Information, and (3) not permitting PII Protected Information or CI Protected Information to be outside the defense team's offices, homes, vehicles, or personal presence.

j. To the extent that notes are made that memorialize, in whole or in part, the PII or confidential material in any Protected Information, or to the extent that copies are made for authorized use by members of the defense team, such notes, copies, or reproductions become PII Protected Information or CI Protected Information, respectively, subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

k. The defense team shall use PII Protected Information and materials otherwise identified as containing PII, CI Protected Information and materials otherwise identified as containing confidential materials, only for the litigation of this matter and for no other purpose. Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255. In the event that a party needs to file Protected Information, materials otherwise identified as containing PII, CI Protected Information, or materials otherwise identified as containing confidential materials with the Court or divulge the contents of such materials in court filings, the filing should be made under seal. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention. If the other party does not object to the proposed filing, the party seeking to file such information shall redact the PII or confidential materials and make all reasonable attempts to limit the divulging of PII or confidential materials.

l. The parties also agree that any PII or confidential materials produced in the course of discovery in the above-captioned

8

matter prior to the date of the Protective Order shall be subject to the terms of the Protective Order.

      m.  Upon the final disposition of this case, any PII Protected Information, materials otherwise identified as containing PII, CI Protected Information, or materials otherwise identified as containing confidential materials shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense team's files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of appellate and post-conviction proceedings, the defense team shall return Protected Information and materials otherwise identified as containing Protected Information to the government, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the Business and Professions Code and the Rules of Professional Conduct.

      n.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any PII Protected Information, materials otherwise identified as containing PII, CI Information, or materials otherwise identified as containing confidential materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become the defense team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the government, certifying the destruction of, or retaining pursuant to the Business and

Professions Code and the Rules of Professional Conduct all Protected Information and materials otherwise identified as containing Protected Information or confidential materials.

9. Defense counsel have conferred with defendants regarding this stipulation and the proposed order thereon, and defendants agrees to the terms of the proposed order.

10. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: October 18, 2018

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

_____
VERONICA DRAGALIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: October   , 2018

_____
STANLEY FRIEDMAN
Attorney for Defendant
SCOTT SEO

DATED: October 20, 2018

_____
ANTHONY SOLIS
Attorney for Defendant
WILBUR M. SALAO

Professions Code and the Rules of Professional Conduct all Protected Information and materials otherwise identified as containing Protected Information or confidential materials.

9. Defense counsel have conferred with defendants regarding this stipulation and the proposed order thereon, and defendants agrees to the terms of the proposed order.

10. Accordingly, the parties have agreed to request that the Court enter a protective order in the form submitted herewith.

IT IS SO STIPULATED.

DATED: October 18, 2018

NICOLA T. HANNA
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

_____
VERONICA DRAGALIN
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: October 22, 2018

_____
STANLEY FRIEDMAN
Attorney for Defendant
SCOTT SEO

DATED: October    , 2018

_____
ANTHONY SOLIS
Attorney for Defendant
WILBUR M. SALAO